PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ANGEL MÉNDEZ ALVAREZ, Defendant and Appellant.

No. 7247. Argued January 16, 1939.—Decided January 31, 1939.

*P. Santos Borges* and *A. Reyes Delgado,* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for Appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Miguel Angel Méndez Alvarez was charged with violating section 7 of Act No. 14 of July 8, 1936 (Sess. Laws) for having a gun in his possession without having declared it in the manner prescribed by law.

After trial, the District Court of Arecibo found him guilty and sentenced him to six months in jail. Feeling aggrieved,

he appealed to this Court and assigned three errors in his brief as having been committed by the trial court in admitting certain evidence, in overruling his demurrer and in rendering judgment.

The evidence introduced by the People consisted of the testimony of insular police officer José Jusino and that of internal-revenue agent Rafael Sáenz, a sworn declaration of the defendant and the gun seized.

Jusino testified that on August 24, 1937, while accompanying internal-revenue agents, and assisted by a search warrant, he broke into the house of Celestino Méndez where they seized liquor and a gun that was not registered in the registry of weapons of the district. He identified the gun shown to him as the one seized. He minutely described the seizure and continued thus:

"Q.—Did he (the defendant) tell you anything concerning this case?

"Attorney Reyes Delgado.—There is a written declaration.

"Hon. Judge.—If he said anything you may tell it. Answer.

"Witness.—The defendant made statements at police headquarters.

"Q.—What did he say?—He said that the gun belonged to him, that it had been his for some time, and that he had not registered it.

"Attorney Reyes Delgado.—I object. Those are not his statements, but confessions resulting from an investigation.

Upon being questioned by the judge he testified:

"Q.—Did he make those statements at the time the gun was seized? —He was not then present, but when the gun, his father and the rest of the liquor were taken to headquarters, the defendant also arrived there.

"Q.—But were those his statements, admissions made by him, without being called by the Chief of Police or the district attorney to testify?—No, sir. He came voluntarily and spoke with the chief and said that he wished to explain that the gun belonged to him and had not registered it because he thought that he wasn't of age and he had been told that he could not register it.

"Attorney Reyes Delgado.—That testimony should be stricken from the record inasmuch as it does not appear that he was warned, nor that he was subject to prosecution, nor that his statements could

be used against him, and it so appears from a sworn declaration in the hands of the district attorney.

"Hon. Judge.—It is admitted because of the manner in which the policeman testified.

"Attorney Reyes Delgado.—I take exception."

Agent Sáenz corroborates the testimony of the policeman as to the seizure of the gun. While he was testifying, the attorney for the defendant admitted that the gun was not registered, and the introduction of evidence proceeded thus:

"Hon. District Attorney.—The other witnesses are cumulative evidence. Now I offer in evidence a sworn declaration of the defendant.

"Attorney Reyes Delgado.—We object to the admission in evidence of this sworn declaration, because it does not appear therefrom that any warning was given, nor that the defendant was told that anything he might say concerning the case could be used against him.

"Hon. Judge.—The court admits the document because declarant Miguel Angel Méndez Alvarez swears that he was warned according to law, without promises or inducement of any sort, and we must presume that he knew the legal warnings when he took his oath.

"Document Number 1.—District Attorney.

"Attorney Reyes Delgado.—I take exception.

\* \* \* \* \* \* \*

" 'Utuado, Puerto Rico, August 25, 1937, Miguel A. Méndez Alvarez appears before this court and after having been duly sworn according to law, declares:

" 'That after having been duly warned according to law, and without promise or inducement of any sort, I openly state my desire to speak and I say the following: That it is true that the Bulldog revolver, caliber 38, with a black handle seized in my house yesterady by the police, belongs to me and is not registered. That I did not register it because many people told me that inasmuch as I was not of age they would take it away from me if I tried to register it.

" 'That is all I have to say.—(Signed) Miguel A. Méndez Alvarez.—Sworn and subscribed before me today August 24, 1937.—(Signed) E. Marín Marín, Municipal Judge.' "

The district attorney then offered the gun in evidence. The defense objected on the ground that it had not been shown that the gun was in possession or under the control

of the accused. The court admitted it stating that it was not necessary to show that the defendant had the gun on his person, it being sufficient to prove that he was its owner.

After all the evidence for the prosecution had been introduced, the defendant moved for a non-suit on the ground of the insufficiency of the evidence. The court overruled the motion and rendered the instant judgment.

Did the court err in permitting policeman Jusino to testify concerning the statements made by the defendant, in admitting in evidence his sworn declaration and in permitting the revolver to be introduced in evidence?

Arguing favorably thereto the appellant says in his brief:

"Insular Policeman José Jusino testfied extensively concerning the facts and the district attorney asked him whether the defendant-appellant had told him anything in connection with the case. We objected saying: 'There is a written declaration' and the judge orders the witness to answer . . . It is unnecessary to cite any cases to convince this court that since there existed a written declaration the policeman should not have been allowed to testify as to the content of said declaration . . . *People* v. *Flores,* 17 P.R.R. 166."

Had the witness been asked to testify as to the contents of the written declaration, the appellant would be correct, but the testimony of the witness dealt with statements made by Méndez Alvarez when he arrived at headquarters after his father, when the defendant had not yet been arrested nor had yet made a declaration. It being so, his declaration was admissible. What the case cited, *People* v. *Flores,* 17 P.R.R. 166, decided was that no oral evidence could be admitted concerning a confession by the defendant where the same was made and appears in writing.

Recently, in the case of *People* v. *Saltari Crespo,* 53 P.R. R.____, this court held through its Associate Justice Mr. De Jesús:

"The defendant confessed at two different moments: First, orally to detective Juan R. Colón at police headquarters and before the arrival of the Municipal Judge. Later, also at headquarters, where

he confessed in writing before said judicial officer. It being so, the written declaration before the Municipal Judge does not exclude the oral confession previously made before the detective, for the latter, when he testified, was not relating what the defendant set down in writing, but what he had previously told him at headquarters.''

The appellant goes on arguing in his brief that defendant's sworn declaration was also inadmissible because it did not appear from the same how he had been warned, and, textually, says in that respect:

''The cases unanimously hold that if the statements or confessions are voluntary, the defendant must be warned of his right not to say anything, and that if he does say anything, that his statements may be used against him.''

We do not agree. The jurisprudence in point of this very court is as follows:

''In the absence of a statutory requirement of warning, the voluntary confession of a defendant is admissible in evidence, even though he be not warned that it will be used against him.'' *People* v. *Martínez,* 23 P.R.R. 212.

''In the absence of a statutory regulation any voluntary confession is admissible even if the defendant is not advised that the confession will be used against him.'' *People* v. *Rodríguez,* 28 P.R.R. 464.

''As to the connection of the defendants with the offense, *People* v. *Rodríguez,* 28 P.R.R. 464, where it was held that the voluntary confession of a defendant is sufficient to support a judgment of conviction, *People* v. *Kent,* 10 P.R.R. 325, . . . are applicable.'' *People* v. *Colón et al.,* 39 P.R.R, 817, 819.

''The right to be warned has several times been under discussion in Puerto Rico. In the case of *People* v. *Martínez,* 23 P.R.R. 212, we held that there is nothing in our Penal Code which requires such warning and that in the absence of the statutory necessity for such warning, any voluntary confession of a defendant is admissible against him.'' *People* v. *Saldaña,* 40 P.R.R. 556, 557.

And Corpus Juris sets forth the rule as follows:

''In the absence of a statute requiring caution or warning, the fact that a voluntary confession was made without accused having been cautioned or warned that it might be used against him does

not affect its admissibility. Except in some jurisdictions, it is not the duty of a police officer, in the absence of a statute, to caution a prisoner as to the consequences of making a statement, if the statement is voluntary, but merely to refrain from inducing him to make a statement. Undoubtedly, however, the better and safer course for an officer to pursue, when a prisoner is about to make a statement, is to warn him that it may be used against him.'' 16 C. J. 723.

Nor was any error committed by admitting in evidence the revolver once identified as the one seized in the house of the father of the defendant. It was not necessary that the latter should carry it on his person. It was sufficient to show, as was proved by his own testimony, that he was the owner of it.

Since the first error assigned was not committed, it is evident that the second and third were not committed also, inasmuch as the testimony of the policeman, the declaration of the defendant and the weapon were admissible, therefore the evidence is sufficient to support the judgment rendered and the judge correctly refused peremptorily to acquit the defendant finally convicting him of violating the law, as he was charged.

The appeal must be dismissed and the judgment appealed from affirmed.